69205. ROBERTS v. THE STATE.
(327 SE2d 743)

BIRDSONG, Presiding Judge.

Darrell Randle Roberts was convicted of driving under the influence and driving without a license, and sentenced to twelve months' confinement. He appeals. *Held*:

1. Appellant contends he was entitled to dismissal of the indictment (in actual practice, the direction of a verdict of acquittal) for driving without a license because the evidence shows he did have a valid license. Appellant testified that he had lost his license and failed to replace it, thinking it would suffice merely to produce identification. The arresting officer testified that he checked with the Department of Public Safety and found that appellant did have a valid license, but this was hearsay (see *Moore v. State*, 154 Ga. App. 535 (1) (268 SE2d 706)). The crime alleged is that appellant did drive the vehicle without having a valid license, as required by OCGA § 40-5-20 (a). However, in connection with this offense, the trial court charged the jury OCGA § 40-5-29, which concerns the failure to have a valid license in one's possession at all times while operating a motor vehicle and the presumption thereby raised that the driver has no valid license. The trial court charged the jury the wrong offense, enabling the jury to find a violation where it otherwise might not. The conviction for failure to have a valid license is reversed.

2. Appellant contends he was denied his right to an independent blood test under OCGA § 40-6-392 (a) (3). He testified that he requested an independent test but the police failed to provide him a test within an hour, and then told appellant it was "too late." The evidence is in conflict, but the jury was authorized to conclude beyond a reasonable doubt that appellant either made no such request or waited until two or three hours after the state-administered test. OCGA § 40-6-392 (a) (3) provides: "The justifiable failure or inability to obtain an additional test shall not preclude the admission of evidence relating to the test or tests taken at the direction of a law enforcement officer." The jury was clearly charged this principle and evidently found the officer's failure to obtain additional tests to be justified, and therefore properly considered the state's evidence of intoxication.

3. The police witness who administered the intoximeter test

proved that he was properly certified and produced a copy of his certification where he explained that the original certification was kept in the police department by rule. See *Moore v. State*, supra.

4. The arrest of appellant was grounded in probable cause. Appellant's argument that the evidence is inadmissible because of the failure to give him a *Miranda* right warning of his constitutional rights upon detention is without merit. See *Berkemer v. McCarty*, ___ U. S. ___, 52 USLW 5023 (decided July 2, 1984).

5. The sentence imposed by the court was grounded upon the conviction of three offenses (two involving DUI and driving without a license). The license offense having been reversed, the case is remanded for resentencing without consideration of this offense.

*Judgment affirmed in part, reversed in part and case remanded. Carley, J., concurs in Divisions 1, 2, 3, 5 and in the judgment. Beasley, J., concurs specially.*

DECIDED JANUARY 29, 1985 —
REHEARING DENIED MARCH 4, 1985 — 

*Prince A. Brumfield, Jr.*, for appellant.
*Herbert A. Rivers, Solicitor, John G. Isom, Assistant Solicitor*, for appellee.

BEASLEY, Judge, concurring specially.
1. As to Division 1, I believe that the court charged the right offense, in that there was unrebutted evidence that defendant had committed the lesser included offense. The trouble is that the court did not confine the jury's deliberation to consideration of it, and the verdict of guilty was returned to the accusation as charged, i.e., guilty of driving without a license, as prohibited by OCGA § 40-5-20 (a). The evidence was such that the jury could not find that the State had proven beyond a reasonable doubt that defendant was not licensed to drive.

2. As to Division 3, prior to the time the certified copy of the license was offered, the operator had twice testified, without objection, that he was licensed by the State to conduct intoximeter tests. There having been no objection to this testimony, the physical document itself was merely cumulative.